United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN CHRISTIAN, ) | No. C 07-1082 MMC (PR) |
| Petitioner, ) | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |
| v. ) | |
| BEN CURRY, Warden, ) | |
| Respondent. ) | |

On September 21, 2006, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In 1985, in Orange County Superior Court, petitioner was convicted of kidnaping for purposes of robbery. In 2005, the California Board of Prison Hearings ("BPH"), for the seventh time, denied petitioner parole. Petitioner challenged this decision by habeas petitions filed in the Orange County Superior Court, the California Court of Appeal and the Supreme Court of California. All three habeas petitions were denied.

**DISCUSSION**

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.      Petitioner's Claims

Petitioner claims: (1) there is insufficient evidence to support the BPH's decision to deny him parole; (2) because there was insufficient evidence in the record to support denial of parole, the BPH's decision violates petitioner's state created liberty interest, protected by due process, in being released on parole; (3) the BPH's denial of parole violates his right to due process because it is inconsistent with the decision by the California Department of Corrections and Rehabilitation to house him in a facility for "non-violent" inmates; and (4) the BPH's denial of parole violates his right to due process because it rests upon the unchanging facts of his commitment offense.

Petitioner's first claim is not cognizable because it does not allege a violation of federal law.  A writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the basis of some transgression of federal law binding on the state courts."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  It is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119.  Petitioner's claim that there was insufficient evidence to support the denial of parole does not state a cognizable claim for federal habeas relief unless he connects such claim to the violation of some federal law or constitutional right.  Petitioner does so in his second claim, wherein he alleges the insufficiency of the evidence violates his right to due process.  In his first claim, however, he does not allege the violation of any federal law, and, consequently, the first claim will be dismissed for failure to state a cognizable claim for federal habeas relief.

2

Liberally construed, petitioner's other three claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The first claim in the petition is DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's three cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within 90 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the

3

Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: June 8, 2007

_____
MAXINE M. CHESNEY
United States District Judge